TAYLOR, APPELLANT, *v.*
SYSTEMS RESEARCH LABORATORIES,
INC., APPELLEE.

*McHugh & McHugh* and *Stephen M. McHugh,* for appellant.

*Smith & Schnacke* and *Peter K. Newman,* for appellee.

(No. 87 CA 96—Decided
June 14, 1988.)

WOLFF, J. Brenda S. Taylor, a thirteen-year employee of Systems Research Laboratories, Inc. ("SRL"), was terminated for falsifying her time cards, an allegation she contests.

Taylor brought an action against SRL in the Court of Common Pleas of Greene County, based on theories of implied contract and promissory estoppel, seeking various items of relief.

Her theories were based on SRL's employee guide. Basically, she contended that she could be terminated only for just cause, and then, only after a progressive disciplinary procedure.

On deposition, Taylor acknowledged that she was an employee-at-will. She also acknowledged reading the first page of the employee guide which states, in part:

"The policies described are not conditions of employment, and the language is not intended to create a contract between SRL and its employees."

She also signed a receipt for the employee guide which states, in part, that "[t]his publication is not intended as an employment contract * * *."

SRL successfully moved for summary judgment. The trial court determined that Taylor was an employee-at-will, that there was no viable implied contract or promissory estoppel upon which Taylor could have relied, and that SRL was entitled to discharge her without progressive discipline for alleged falsification of her time cards, or, in any event, without just cause.

Taylor appeals; we affirm.

We agree with SRL that the trial court correctly determined that Taylor was an employee-at-will, and that her theories of implied contract and promissory estoppel were unavailing.

The disclaimers in both the employee guide and the receipt signed by Taylor can lead reasonable minds to but one conclusion, that the employment guide was not an implied contract providing that termination could only be for just cause following a procedure of progressive discipline. Likewise, these disclaimers, contained in both the employee guide and the receipt, lead reasonable minds to reach but one conclusion, that an employer would not reasonably expect this employee guide to cause a person to believe he could not be terminated except for just cause after a procedure of progressive discipline. See *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 19 OBR 261, 483 N.E. 2d 150; *Smith* v. *St. Elizabeth Medical*

*Center* (Oct. 14, 1986), Montgomery App. No. CA 9676, unreported.

Given Taylor's employee-at-will status, we need not address her claimed issues of material fact, three of which implicate the quality of SRL's evidence that she falsified her time records, the fourth contending that whether SRL must follow progressive discipline is an issue of fact. As an at-will employee, she could be terminated without just cause.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur .